UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| KAREN SHANE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15-cv-00115-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Commissioner | ) | **&** |
| of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Karen Shane brings this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Social Security Administration which denied her applications for Title II disability insurance benefits and Title XVI supplemental security income. Consistent with the Court's practice and pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a Report and Recommendation containing proposed findings and recommendations. After careful review, Judge Atkins recommended denying Ms. Shane's motion for summary judgment and granting the Commissioner's. In light of Ms. Shane's objections, the Court has reviewed the matter *de novo*. For the foregoing reasons, the Court ADOPTS Judge Atkins's Report and Recommendation, DENIES Shane's motion for summary judgment, and FINDS in favor of the Commissioner.

**I**

The factual background and procedural history relevant to Ms. Shane's social security appeal are set forth in detail in Judge Atkins's Report and Recommendation. [*See* R. 16 at 1-4.] The Court incorporates by reference that thorough explanation herein. After Judge Atkins

explained the factual and procedural history of the case, Judge Atkins determined that (1) the

Administrative Law Judge's decision in Ms. Shane's case was supported by substantial evidence,

and (2) Sentence Six of 42 U.S.C. § 405(g) did not require Ms. Shane's case be remanded

because of "new and material evidence." [*Id.* at 5-14.] Subsequently, Ms. Shane filed timely

objections to the Report and Recommendation. [R. 17.]

      The Court must make a *de novo* determination of those portions of the Report and

Recommendation to which objections are made. *See* 28 U.S.C. § 636(b)(1)(c). Ms. Shane's

objections, which contest both of Judge Atkins's findings, trigger *de novo* review, and the Court

has satisfied that requirement by considering anew the parties' arguments, the ALJ's decision,

the evidence in the record, and applicable case law and procedural rules.

## II

## A

      Ms. Shane contends the ALJ erred in finding Shane's testimony lacked credibility.

Regarding that testimony, the ALJ noted the following:

> The claimant testified at the oral hearing about her past relevant work and her
> impairments. She had numerous complaints and gave inconsistent testimony
> which was exaggerated and lacking credibility. She didn't go back to Comp Care
> because the therapist wanted to lock her up for three days (but see Exhibit 2F, pg.
> 3). She has a driver's license but denies driving for two years or since 2013 (but
> drove a cab in November 2013) and so on.

> On review of the file, including Ms. Shane's testimony, the Administrative Law
> Judge does not find the claimant entirely credible for the reasons explained in this
> decision. She did not appear in any outward distress and responded appropriately
> to questions without any indication of distraction due to any cause. The level of
> treatment is incongruent with the alleged severity of her complaints while
> objective clinical and other examination findings do not suggest an individual
> who is incapable of all work activity. Ms. Shane has made inconsistent
> statements and asserts she can no longer drive, but her last job was for a taxi
> company. She complained about urinary frequency, but denied any treatment
> from June 2014 until the May 2015 hearing. She testified she could only walk

three or four minutes at a time and so on, her complaints so extreme as to appear implausible.

. . .

She appears to have altered her information depending upon her audience and has contradicted herself as she has progressed through the disability process, all of which impacts her credibility. Weighing all relevant factors, the Administrative Law Judge concludes the claimant's subjective report of her symptoms does not warrant any additional limitations beyond those established in the residual functional capacity outlined in this decision.

[Transcript (hereinafter "Tr.") 21-22.]

Ms. Shane takes issue with the ALJ's decision to afford her testimony little weight for a variety of reasons. First, Shane argues the ALJ overstated the importance of the discrepancy in Shane's testimony about her ability to drive. Shane testified she had not driven a car in "about two years," [*see* Tr. 54-55], when in reality, Shane had driven a taxi about a year and a half before the hearing—one year and seven months prior to the hearing, to be exact. [*See* Tr. 348.] Next, Shane seeks to offer an explanation for why she might have testified that her therapist "wanted to lock her up for three days," [*see* Tr. 21], as the record reflects that the therapist did indeed discuss the possibility of admitting Shane to a crisis stabilization inpatient unit. [*See* Tr. 343.] Finally, Shane maintains the amount of treatment she actually receives is not inconsistent with her testimony about her pain, as physical examinations do demonstrate she suffers from a limited range of motion and considerable tenderness in her back and knees. [Tr. 392, 429, 451-52.]

Ms. Shane's arguments are well-taken, but they will not suffice to overturn the Social Security Administration's decision. While an ALJ's determination must always be supported by substantial evidence, "an ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and

credibility." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (internal quotation marks and citations omitted).  Moreover, the substantial evidence standard of review is deferential as it "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  If the ALJ's decision is supported by substantial evidence, it must be affirmed even if the Court would decide the matter differently or even if substantial evidence also supports the opposite conclusion.  *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Here, there may well be reasonable explanations for one or a number of the discrepancies in Ms. Shane's testimony.  However, the ALJ was still well within her right to find that those discrepancies negatively impacted Ms. Shane's credibility.  "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  Judge Atkins set forth in significant detail the contradictions between Shane's testimony and the evidence in the record.  [*See* R. 16 at 8-10.]  These numerous contradictions surely amount to substantial evidence supporting the ALJ's credibility conclusion, even if substantial evidence would also support the finding Shane now seeks.  Thus, the Court overrules Shane's objections and adopts the Magistrate's recommendation regarding the ALJ's credibility determination.

## B

Ms. Shane also seeks remand pursuant to Sentence Six of 42 U.S.C. § 405(g) in light of new evidence of Shane's fragile mental state.  A remand under Sentence Six for consideration of additional evidence "is warranted only if the evidence is 'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the ALJ." *Ferguson v. Comm'r of Soc. Sec.*, 628

F.3d 269, 276 (6th Cir. 2010) (quoting 42 U.S.C. § 405(g)).  When a claimant submits evidence

that was not presented to the ALJ, the Court considers that evidence solely for the limited

purpose of deciding whether to issue a Sentence Six remand.  *See Sizemore v. Sec'y of Health &*

*Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).  Further, the claimant bears the burden of

showing that remand under Sentence Six is appropriate.  *See Willis v. Sec'y of Health & Human*

*Servs.*, 727 F.2d 551, 553-54 (6th Cir. 1984).

Shane argues for a Sentence Six remand based on new evidence that she was hospitalized

for attempting suicide shortly after she received the unfavorable decision from the ALJ.  [*See* Tr.

650-53.]  Because Ms. Shane was not hospitalized until after her hearing, the Court finds the first

and third requirements for a Sentence Six remand are satisfied.  *See Ferguson*, 628 F.3d at 276;

42 U.S.C. § 405(g).  However, the Court agrees with the Magistrate's determination that the

second requirement is not met, as the new evidence of Shane's suicide attempt is not "material"

in light of what the ALJ already considered.

To satisfy her burden of proof as to materiality, Shane "must demonstrate that there was a

reasonable probability that the [ALJ] would have reached a different disposition of the disability

claim if presented with the new evidence." *Sizemore,* 865 F.2d at 711.  Shane argues the new

evidence undermines the ALJ's findings that Shane's mental health symptoms are well

controlled on medication and that she had never been psychiatrically hospitalized.  [*See* R. 17 at

4-5.]  But as Judge Atkins points out, the ALJ already considered the fact that Shane suffered

from suicidal thoughts and tendencies when she decided to deny Shane's application for benefits.

More specifically, Part 404, Subpart P, Appendix 1, §§ 12.04 and 12.06 of the Social

Security Regulations set out the criteria used to determine the severity of claimants' affective and

anxiety disorders.  When analyzing Shane's mental health condition according to those

regulations, the ALJ determined Shane's existing mental disorders imposed only mild limitations on daily living activities and moderate restrictions on social functioning, because none of the "C" criteria associated with § 12.04 or § 12.06 were satisfied. [Tr. 19.] The ALJ went on to note that while Shane has "features" of depression and anxiety, she had no "marked limitations" on daily living activities and no "*repeated* episodes of decompensation." [Tr. 20 (emphasis added).] Finally, the ALJ found that neither the subsection "B" or "C" criteria in §§ 12.04 and 12.06 were satisfied, and Shane "does not meet or equal any subsection of listing section 12.00." [*Id.*]

Although Shane does maintain the new evidence undermines the ALJ's statements that her symptoms were mostly controlled on medication and that she had never before been psychiatrically hospitalized, Shane fails to explain how, if at all, the new evidence would alter the ALJ's analysis of §§ 12.04 and 12.06. [*See* R. 13-1 at 14; R. 17 at 4-5.] The Court has reviewed the criteria set forth in §§ 12.04 and 12.06, and while the evidence of Ms. Shane's suicide attempt and resulting hospitalization would undoubtedly be relevant to the analysis, the Court cannot find that the claimant has demonstrated a "reasonable probability" the ALJ would have reached a different conclusion. *See Sizemore,* 865 F.2d at 711. Because Ms. Shane has not carried her burden of proof, a Sentence Six remand is not required.

### III

Accordingly, the Court hereby **ORDERS** as follows:

1. The Magistrate's Report and Recommendation [R. 16] is **ADOPTED** as and for the Opinion of the Court;

2. The Plaintiff's Motion for Summary Judgment [R. 13] is **DENIED**, and her objections [R. 17] are **OVERRULED**;

3. The Defendant's Motion for Summary Judgment [R. 14] is **GRANTED**; and

4.  Judgment shall be entered contemporaneously herewith.

This the 9th day of January, 2017.

Gregory F. Van Tatenhove
United States District Judge